[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 12, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 04-15249
Non-Argument Calendar
----------------------------------------

D.C. Docket  No. 03-00371-CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES GARDNER,
a. k. a. June,

Defendant-Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
------------------------------------------------------------------

**(January 12, 2006)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Gardner appeals his conviction and 121-month sentence for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and his conviction and 60-month concurrent sentence for aiding and abetting in the possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. No reversible error has been shown; we affirm.

Defendant argues first that the district court improperly prohibited him from questioning Drug Enforcement Administration Task Force Officer Michael Lee about his professional background, about past allegations that Officer Lee had been fired from the Dothan, Alabama Police Department for planting drugs, and about other alleged improper behavior. But this argument is belied by the record, which shows that the district court did not prohibit Defendant from questioning Officer Lee about these matters.[1]

Defendant next argues that the district court erred in allowing the government to present testimony of codefendant Herman Starling about evidence

---

[1] A review of the record shows that the government filed a motion in limine, requesting that Defendant be prohibited from inquiring about these matters at trial. Defense counsel informed the district court that the government's motion in limine probably was not going to be an issue. The district court informed Defendant that, if he wished to go into the matters referenced in the motion, he should inform the court so that the court could take a proffer or resolve the matter at a sidebar. When Officer Lee testified, Defendant did not ask him of the matters in the motion in limine, and Defendant did not revisit this issue with the district court.

of drug deals between Defendant and Starling predating the charged conspiracy. Defendant contends that, under Fed.R.Evid. 404(b), this "prior acts" evidence (1) was not probative on whether Defendant had the intent to distribute the cocaine in this case and (2) prejudiced him by tending to establish guilt by association and as impermissible character evidence.

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir.), cert. denied, 124 S.Ct. 2829 (2004). We conclude that the district court did not abuse its discretion in admitting Starling's testimony that, since the late 1980s, he had provided cocaine to Defendant and that, in the summer of 2002, both defendants were involved in a large cocaine deal.[2] Rule 404(b) does not apply to the testimony about the relationship between Defendant and Starling: this testimony is intrinsic to and "inexplicably intertwined with" evidence of the charged crimes. United States v. Richardson, 764 F.2d 1514, 1521 (11th Cir. 1985).

Starling's testimony explained why Defendant chose to contact Starling, rather than another person, to find a buyer for cocaine after Defendant had met with an undercover agent posing as a cocaine seller. This testimony also

---

[2] The indictment stated that Defendant and Starling were involved in a cocaine trafficking conspiracy from August 2003 through September 2003.

explained why Defendant would have expected Starling to join the criminal venture. See United States v. Costa, 691 F.2d 1358, 1361 (11th Cir. 1982) (upholding admission of testimony by co-conspirator about relationship between him and defendant, and defendant's earlier drug dealings, as "inexplicably intertwined" with charged drug offense). In other words, Starling's testimony on his previous cocaine dealings with Defendant "formed an integral and natural part of [Starling]'s accounts of the circumstances surrounding the offenses for which [Defendant] was indicted." Id.

And this evidence was not inadmissible under Fed.R.Evid. 403, which provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Starling's testimony was probative for proving why Defendant turned to Starling as a possible buyer for the cocaine. Further, the prejudicial effect of this evidence was not great. The testimony was brief, covering only five pages of transcript during a two-day trial. Also, the district court instructed the jury that evidence of prior acts could not be used to determine if Defendant committed the charged offenses, but only could be considered for the limited purpose of establishing Defendant's state of mind. See Richardson, 764 F.2d at 1522. The district court committed no reversible error in allowing Starling to testify as he did.

Defendant further argues that insufficient evidence supports his convictions. He maintains that the government failed to prove that he had constructive possession over the cocaine. He also contends that the government did not show with credible evidence that he had knowledge of the charged drug conspiracy.

We review the sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000).

To prove a conspiracy under 21 U.S.C. § 846, the evidence must establish (1) an agreement between Defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means. United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998). To support a conviction for possession with intent to distribute under § 841(a)(1), the government "must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996). And to convict Defendant under a theory of aiding and abetting, 18 U.S.C. § 2, the government must prove that Defendant "associated himself with the criminal venture and sought to make the venture a success." Id.

The following evidence supports Defendant's conviction for conspiracy. Defendant told an undercover detective, posing as a cocaine dealer, that, for a fee of $1,000 per kilogram, Defendant would arrange multiple-kilogram sales of cocaine between the detective and buyers in the Dothan, Alabama, area. Defendant then (1) called Starling and told him that the detective had 20 kilograms of cocaine to sell, (2) introduced Starling to the detective, and (3) attended a meeting where the detective and Starling negotiated the cocaine price, which included Defendant's fee. Defendant also attended a meeting where one kilogram of cocaine was sold. See United States v. Brantley, 68 F.3d 1283, 1288 n.4 (11th Cir. 1995) (noting that, although association with conspirators and presence at crime scene do not themselves prove participation in criminal conspiracy, a jury properly may consider both in conjunction with one another and with other facts to infer knowing and intentional participation).

This evidence also supports Defendant's conviction for aiding and abetting in the possession with intent to distribute cocaine. In addition, other trial evidence showed (1) that Defendant patted down the undercover detective at the initial meeting between Defendant, Starling, and the undercover detective, (2) that Defendant discussed ways to transport cocaine, and (3) that Defendant went with Starling to rent a car for transporting the cocaine. Moreover, although Defendant

6

challenges that the witnesses against him were not credible, we do not reweigh the credibility of the witnesses at trial. See United States v. Hernandez, 141 F.3d 1042, 1052 (11th Cir. 1998). Viewing the evidence in the light most favorable to the government, a reasonable jury could find Defendant guilty of conspiracy to possess with intent to distribute, and aiding and abetting in possession with intent to distribute, beyond a reasonable doubt.

About Defendant's sentence, he suggests that the district court sua sponte should have departed downward based on the disparity between his and codefendant Starling's sentences.[3] Defendant raises this argument for the first time on appeal: we review it for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005).[4] We see no error, plain or otherwise, in the district court's refusal to depart downward based on sentencing disparity between codefendants involved in the same offense. See United States v. Smith, 289 F.3d 696, 714 (11th Cir. 2002) (rejecting as matter of law a downward departure based on sentencing disparity between codefendants).

---

[3] Starling received a 30-month sentence after pleading guilty.

[4] On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id.

And we reject Defendant's conclusory argument that the government failed at sentencing to prove the drug amount involved. The district court correctly stated that the jury determined that the conspiracy involved five kilograms or more of cocaine. This drug amount translates into the base offense level of 32 that Defendant received, see U.S.S.G. § 2D1.1(c)(4), and, when combined with a criminal history category of I, results in the guideline sentencing range of 121 to 151 months' imprisonment that the district court applied.

In sum, we discern no reversible error in Defendant's convictions and sentences.

AFFIRMED.