**UNITED STATES of America, Appellant,**

v.

**Errol Roy JONES, a/k/a "Derrick White" a/k/a "Boneman".**

**No. 92–1238.**

United States Court of Appeals, Third Circuit.

Argued Nov. 6, 1992.

Decided Feb. 17, 1993.

Michael M. Baylson, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Thomas H. Suddath, Jr. (argued), Asst. U.S. Atty., Philadelphia, PA, for appellant.

Mark S. Greenberg (argued), Stephen R. LaCheen & Associates, Philadelphia, PA, for appellee.

Before: BECKER, STAPLETON and LAY,* Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

In September of 1991, Errol Roy Jones was convicted of carrying and using a firearm while possessing cocaine with the intent to distribute. He was sentenced to 60 months incarceration under 18 U.S.C. § 924(c)(1). Simultaneously, he was convicted of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and sentenced to 21 months imprisonment to run consecutively to the 60 month term. Thereafter, in February of 1992, Jones was sentenced in this case on a variety of drug offenses to 168 months imprisonment, five years supervised release and a $100 special assessment. The district court ordered that this term of imprisonment would run concurrently with both of Jones's earlier sentences. This cross-appeal by the government[1] poses a single issue: Did this order prescribing concurrent sentences conflict with 18 U.S.C. § 924(c)(1), which provides in part:

> Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

### I.

The general rule regarding the imposition of concurrent or consecutive terms is that the choice is committed to the discretion of the sentencing court. Section 3584

of Title 18 so provides. We think it clear that this general rule entitled the district court in this case to run its sentence concurrently with the prior 21 month sentence under 21 U.S.C. § 841. The more difficult issue for decision is whether the exception to the general rule carved out by § 924(c)(1) is broad enough to preclude the district court from mandating that its sentence would run concurrently with the prior 60 month sentence under that section.

The government argues that the plain language of the statute dictates a result different from that reached by the district court; if a "term of imprisonment imposed under [§ 924(c)(1) shall not] run concurrently with any other term of imprisonment," the sentencing judge in this case violated the statute by providing that Jones can simultaneously serve his sentence under that section and the subsequently imposed sentence. If one understands "the court" being addressed in § 924(c)(1) to be any court imposing a sentence at any time, we agree that the government's conclusion is the required one. But there is another way to read § 924(c)(1), and we are persuaded that this alternative reading is the one Congress intended. Moreover, even if we were not so persuaded, we would agree with the district court that the statute is at least ambiguous and that application of the rule of lenity counsels against the government's interpretation.

If one understands "the court" being addressed in § 924(c)(1) to be solely the court imposing a sentence under § 924(c)(1), the statute provides only that such a sentence shall not be made concurrent with any previously imposed sentence or with any sentence being imposed simultaneously with the § 924(c)(1) sentence. When so read, § 924(c)(1) has no application to a subsequent sentence, like the one we here review, imposed by a court other than the one imposing a sentence under that section. We conclude that this is the correct reading for several reasons.

---

* Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**1.** We have today issued an unpublished Memorandum Opinion rejecting Jones's appeal from the district court's judgment of conviction, as well as the appeals of Jones's co-defendants.

First, the above quoted sentence is addressed to "the court," not "a court" or "any court," and the phrase "the court" is found in the context of a lengthy subsection speaking solely to the sentencing of a § 924(c)(1) defendant.[2] Second, "the court" is prohibited by the above quoted sentence from doing three things. The first two, placing on probation a person convicted under § 924(c)(1), or suspending the sentence of such a person, can be done only by the court originally imposing a § 924(c)(1) sentence. We believe it is the same court that is "the court" subject to the third prohibition regarding concurrent sentences. The government's reading would require us to give the single use of the phrase "the court" one meaning in the context of the first two prohibitions and a far more expansive meaning in the context of the third.

Finally, if "the court" is read as referring to any court imposing a criminal sentence at any time, § 924(c)(1) would preclude a state court from imposing a sentence for a state crime that would run concurrently with a prior sentence under § 924(c)(1). A federal statute directing state judges how to sentence for state crimes, if one exists, is at least a rarity. Such a statute raises sensitive issues of state/federal relations, none of which are referenced in the legislative history of § 924(c)(1). In the absence of some indication that Congress considered these issues, we decline to attribute to it such an intent to bind the discretion of state judges when sentencing for state crimes.

Even if we were not persuaded that the relevant sentence of § 924(c)(1) is directed solely to the court imposing the § 924(c)(1) sentence, however, we would nevertheless have to conclude that "the court" in this context is at least ambiguous. Having so concluded, we would be constrained to hold that the rule of lenity favors the district court's reading over that of the government. *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

For these reasons, the judgment of the district court will be affirmed.

---

**2.** Section 924(c)(1) in its entirety provides:

"(C)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to life imprisonment without release. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.