**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James H. WRIGHT, Defendant–Appellant.**

**No. 92–9126.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 5, 1994.

Rise Weathersby, Gregory S. Smith, Federal Defender Program, Inc., Atlanta, GA, for appellant.

William R. Toliver, Amy Levin Weil, Asst. U.S. Atty., U.S. Attorney's Office, Atlanta, GA, for appellee.

Before EDMONDSON and CARNES, Circuit Judges, HENDERSON, Senior Circuit Judge.

PER CURIAM:

Wright was tried and convicted on four counts of armed bank robbery and four counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). The district court imposed a guideline sentence of seventy (70) months imprisonment for the convictions on the bank robbery counts, to run concurrently with a prior sentence of fifty-five (55) months imprisonment on a separate bank robbery conviction. Wright was also sentenced to *four separate terms* of twenty years imprisonment for each of the four section 924(c) counts, to run consecutively to each other and to the seventy month sentence on the underlying offenses. Thus, Wright's total sentence in the instant case was 1030 months, or approximately 86 years.

■ Wright says that the district court erred in concluding that it lacked the authority to order the four section 924(c) sentences to run concurrently. Wright concedes that section 924(c) requires his sentences to run

consecutively to his underlying bank robbery sentences, but he contends the statute does not require the section 924(c) sentences to be imposed consecutively to each other.

Section 924(c) provides:

Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment* including that imposed for the crime of violence ... in which the firearm was used or carried.

18 U.S.C. § 924(c)(1) (emphasis added).

Wright's argument focuses upon the use of the word "other" immediately preceding "term of imprisonment." He contends that the phrase "nor shall the term of imprisonment imposed under this subsection run concurrently with any *other* term of imprisonment" really means that the term of imprisonment cannot run concurrently with any term of imprisonment "other than" a term of imprisonment under section 924(c). In support of this reading, Wright argues that the purpose of the 1984 amendment to this statute, which added the word "other," was to clarify that sentences under section 924(c) must run consecutively to sentences for the underlying offenses, not that section 924(c) sentences could not run concurrently to each other. Wright conceded at oral argument, however, that there was no legislative history explaining that separate sentences for separate section 924(c) offenses could, in fact, run concurrently to each other. We reject Wright's interpretation.

The plain language of the statute expressly states that a *term* of imprisonment imposed under section 924(c) cannot run concurrently with any *other term* of imprisonment, period.

No exceptions are provided. Multiple offenses under section 924(c) will result in multiple sentences, that is, multiple terms: one term for each offense. Applying this plain language interpretation, we do not see the word "other" in the statute as surplusage. It serves an important grammatical purpose. Without the word "other" the statute would be speaking, among other things, of a "term" not running concurrently with itself, a nonsensical idea. If the purpose of the 1984 amendment had been merely to proscribe a sentence under section 924(c) from running concurrently with a sentence for the underlying offense, congress would have said "nor shall the term of imprisonment imposed under this subsection run concurrently with the term of imprisonment imposed for the underlying offense"; there would have been no purpose in adding the language prohibiting a section 924(c) sentence from running concurrently *to any other term of imprisonment including* the underlying offense. In sum, Wright's suggested interpretation cannot be squared with the plain language of the statute.[1]

■ Wright also claims that the district court erred by ordering his seventy (70) month sentence for the underlying bank robberies in this case to run consecutively to a prior section 924(c) sentence received for an earlier conviction. He relies on *United States v. Jones*, 986 F.2d 42 (3d Cir.1993), in support of his argument. The *Jones* court stated that section 924(c) only limited the power of the court that originally imposed the section 924(c) sentence and that it had no application to a later sentence imposed by a different court. *Id.* at 43. We cannot agree with this interpretation. For section 924(c) we think Congress's command to the United States courts (state courts are not addressed by the section) is plain and continuing. Because the plain language of the statute requires consecutive sentences, the district

---

1. We note that the only other circuit to squarely address this issue reached the same conclusion. *See United States v. Fontanilla*, 849 F.2d 1257, 1258 (9th Cir.1988). The Ninth Circuit stated: [t]he statute specifically states a section 924 sentence cannot run concurrently 'with any

other term of imprisonment' without exception. Nothing in the statute, or its legislative history, indicates one section 924 sentence can be made to run concurrently with another section 924 sentence. *Id.*

court is AFFIRMED.[2]

2. Appellant's other questions present no reversible errors of law.