[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

No. 08-14763
Non-Argument Calendar

_____

D. C. Docket No. 07-00370-CR-5-UWC-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIM CURTISS DANNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 9, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Kim Curtiss Danner appeals his convictions and sentences for (1) possession

with intent to distribute oxycodone, hydrocodone, and diazepam, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2) ("Count 1"); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 2"); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 3"). Danner raises five issues on appeal. First, Danner argues that the district court erred in denying his motion to suppress because the affidavit in support of the search warrant did not provide probable cause to search his residence. Second, Danner argues that the district court erred by enhancing his sentence based on a prior felony drug conviction, when he claimed that neither he nor his counsel received the government's electronic notice of its intent to seek an enhanced sentence, under 21 U.S.C. § 851. Third, Danner argues that the statutory maximum for Count 1 should be the statutory maximum for the least serious drug because he was charged with distributing three different drugs and the jury did not return a special verdict. Fourth, Danner argues that the district court erred by making his sentence for violating 18 U.S.C. § 924(c) consecutive to his sentence for violating 18 U.S.C. § 922(g)(1). Finally, Danner argues that the district court erred when it applied the four-level enhancement in U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense.

2

## I. SUFFICIENCY OF THE AFFIDAVIT

Danner contends that the district court erred in failing to suppress evidence because the affidavit supporting the search warrant failed to establish probable cause for searching Danner's residence. This Court reviews <u>de novo</u> a district court's finding that an affidavit established probable cause, while taking care to review findings of historical facts for clear error and to give appropriate weight to inferences drawn from those facts by the court and local law enforcement officers. <u>United States v. Jiminez</u>, 224 F.3d 1243, 1248 (11th Cir. 2000). "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." <u>United States v. Brundidge</u>, 170 F.3d 1350, 1352 (11th Cir. 1999).

The Fourth Amendment provides for the right to be free of unreasonable searches and seizures, and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. To establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." <u>United States v. Martin</u>, 297 F.3d 1308, 1314 (11th Cir. 2002) (quotation omitted). The affidavit is insufficient if it contains mere

conclusory statements that do not give the magistrate judge a basis for making a judgment. Illinois v. Gates, 462 U.S. 213, 239, 103 S. Ct. 2317, 2332-33 (1983). "Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Martin, 297 F.3d at 1314. "Evidence that the defendant is in possession of contraband that is of the type that would normally expect to be hidden at their residence will support a search." United States v. Anton, 546 F.3d 1355, 1358 (11th Cir. 2008). "[T]he nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation." United States v. Lockett, 674 F.2d 843, 846 (11th Cir. 1982).

A review of the affidavit in support of the search warrant shows that there was probable cause to search Danner's residence. There was sufficient evidence that guns were likely to be found in Danner's vehicle or residence. Thus, we affirm the district court's denial of Danner's motion to suppress.

## II. ELECTRONIC NOTICE

Danner contends that the district court erred by allowing his sentence to be enhanced based on a prior conviction because neither he nor his counsel received notice of the government's intent to seek the enhancement. The interpretation of a

4

statute is a question of law that we review de novo. United States v. Murrell, 368 F.3d 1283, 1285 (11th Cir. 2004). In addition, we review a district court's interpretation of the Federal Rules of Civil Procedure de novo. Beck v. Prupis, 162 F.3d 1090, 1100 (11th Cir. 1998). We review a district court's findings of fact for clear error. Id. at 1100-01.

A defendant that violates 21 U.S.C. § 841(a), is subject to an increased sentence if he has a prior felony drug conviction. See generally 21 U.S.C. § 841(b). To subject the defendant to the increased sentence for having a prior conviction, the government is required to file an information with the court stating the previous conviction upon which it is relying. 21 U.S.C. § 851(a)(1). The government is also required to serve a copy of the information to the defendant or the defendant's counsel. Id. The government must serve the defendant's counsel "in the manner provided for [in] a civil action." Fed. R. Crim. P. 49(b). In a civil action, a document may be served by "sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E).

The district court determined that the government properly served notice to Danner's counsel of record by electronic means. Although the notice was sent at a

time that Danner was changing counsel, the notice was properly filed.[1] The district court determined that the error was made by Danner's counsel rather than the government. The district court did not err by enhancing Danner's sentence based on his prior felony drug conviction because Danner did not show that his counsel of record did not receive the government's electronic notice.

## III. STATUTORY MAXIMUM FOR COUNT 1

Danner contends that he was improperly sentenced based on a general verdict because a special verdict was required to identify the specific controlled substances at issue. Whether a sentence exceeds the statutory maximum is a question of law that we review de novo. See United States v. Allen, 302 F.3d 1260, 1269-1276 (11th Cir. 2002) (conducting an implicit de novo review of the district court's sentence); United States v. Moriarty, 429 F.3d 1012, 1023 (11th Cir. 2005) ("We review de novo the legality of a sentence . . . .").

A Dale-Rhynes[2] sentencing violation occurs when (1) the government alleges conduct involving multiple controlled substances in the same count; (2) there was no special verdict as to any of the substances; (3) the statutory maximum

---

[1]    Furthermore, Danner's replacement counsel would have easily found the notice if he had monitored the docket.

[2]    The term Dale-Rhynes comes from the combination of two different cases, United States v. Dale, 178 F.3d 429 (6th Cir. 1999), and United States v. Rhynes, 196 F.3d 207 (4th Cir. 1999).

sentences for each substance differ; and (4) the defendant's sentence for the count exceeds the lowest statutory maximum sentence for the controlled substances. See Allen, 302 F.3d at 1269-75. The remedy for such a violation is to vacate the sentence and remand to the district court, at which point the government will have two options: (1) the government may consent to a resentencing of the defendant based on the lowest maximum sentence from the controlled substances; or (2) the government may retry the defendant with a special verdict. Id. at 1275.

The government alleged conduct involving three controlled substances in Count 1, but the jury returned a general verdict without reference to any specific controlled substance. We accept and agree with the government's concession that a sentencing violation occurred. Thus, we vacate the sentence for Count 1 and remand to the district court with the option of resentencing Danner based on the controlled substance with the lowest statutory maximum or retrying Danner with a special verdict.

IV. 18 U.S.C. § 924(c)

Danner argues that the district court erred by running his sentence for violating § 924(c) consecutive to his sentence for violating § 922(g)(1). The interpretation of a statute is a question of law that we review de novo. Murrell, 368 F.3d at 1285 (11th Cir. 2004). As provided in 18 U.S.C. § 924(c)(1)(D)(ii), "no

term of imprisonment imposed on a person under [§ 924(c)] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." Moreover, we previously stated that "[t]he plain language of the statute expressly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment, period." United States v. Wright, 33 F.3d 1349, 1350 (11th Cir. 1994). "No exceptions are provided." Id.

The plain language of the statute and our precedent mandate that a sentence for violating § 924(c) shall be consecutive to any other sentence imposed upon the defendant. Thus, the district court did not err when it imposed a consecutive sentence for Count 2.

## V. U.S.S.G. § 2K2.1(b)(6)

Danner argues that the district court erred by applying a four-level increase in U.S.S.G. § 2K2.1(b)(6) because he was already getting sentenced based on the same weapons-related conduct for violating § 924(c). After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we established a two-part process for district courts to use in calculating sentences. United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly

calculate the range recommended by the Sentencing Guidelines. Id. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). Id. Here, Danner only challenges the district court's calculation of the recommended Guidelines range.

"Whether a particular guideline applies to a given set of facts is a question of law, subject to de novo review." United States v. Pompey, 17 F.3d 351, 353 (11th Cir. 1994). When the district court makes it clear that it would have imposed the same sentence regardless of the application of the Guidelines section, any error in calculation of the range is harmless. United States v. De La Torre, 949 F.2d 1121, 1122 (11th Cir. 1992).

Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level for a violation of 18 U.S.C. § 922(g) is 20 if the defendant has a prior felony conviction for a crime of violence or a controlled substance offense. In addition, the offense level is increased by four levels if the defendant possessed any firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). Under U.S.S.G. § 2K2.4(b), the Guidelines range for a violation of 18 U.S.C. § 924(c) is the statutory minimum sentence. The Guidelines explain that if the defendant was convicted under § 924(c), the court should not apply the enhancement in § 2K2.1(b)(6) because the sentence under § 2K2.4(b) accounts for the conduct that is the basis for the

9

enhancement. U.S.S.G. § 2K2.4, comment. (n.4); see also United States v. Brown, 332 F.3d 1341, 1344-46 (11th Cir. 2003) (concluding that if a defendant was convicted of violating § 924(c), the firearm enhancement should not be applied in calculating the guideline range for a violation § 922(g)).[3]

We accept and agree with the government's concession that the district court erred when it applied the four-level enhancement in § 2K2.1(b)(6) for possession of a firearm in connection with another felony. We disagree with the government's contention that the error was harmless. At best, it was ambiguous as to whether the district court would have given Danner an identical sentence regardless of the misapplication of the four-level enhancement. Our review of the record reveals that this error was not harmless. Therefore, we vacate the sentence for Count 3 and remand for resentencing.

## VI. CONCLUSION

Based on the foregoing, we affirm Danner's convictions, affirm his consecutive sentence for Count 2, vacate his sentences for Counts 1 and 3, and remand for proceedings consistent with our opinion.

---

[3] In Brown, we applied U.S.S.G. § 2K2.1(b)(5) (2000). Id. at 1343; U.S.S.G. App. C., Amend. 599. In 2006, that section of Guidelines was reassigned to U.S.S.G. § 2K2.1(b)(6). U.S.S.G. App. C., Amend. 691.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.[4]

---

[4]     Appellant's request for oral argument is denied.