[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2009
THOMAS K. KAHN
CLERK

No. 08-16073
Non-Argument Calendar

_____

D. C. Docket No. 07-00446-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD DARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 25, 2009)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

A Middle District of Florida convicted Clifford Darden on all four counts of

an indictment: Count I, obstruction of commerce by robbery on June 4, 2007, in violation of 18 U.S.C. §§ 1951; Count 2, use of a firearm during a crime of violence as charged in Count 1, in violation of 18 U.S.C. §§ 924(c)(1)(A); Count 3, obstruction of commerce by robbery on July 3, 2007, in violation of 18 U.S.C. §§ 1951; and Count 4, use of a firearm during a crime of violence as charged in Count 3, in violation of 18 U.S.C. §§ 924(c)(1)(A).  The district court thereafter sentenced Darden to imprisonment for the following terms: concurrent terms of two years on Counts 1 and 3, a consecutive term of seven years on Count 2, and a consecutive term of 25 years on Count 4, for a total of 34 years.  Darden now appeals his convictions on Counts 1, 2, and 4, and the sentences he received.

Counts 1 and 2 relate to the armed robbery of Kris and Pamela's market on June 4, 2007.  Darden took $300 from a store clerk at gunpoint.  Counts 3 and 4 relate to the armed robbery of Kwik Stop Food Mart on July 3, 2007.  Darden and another man entered the store; Darden approached the cashier with a revolver, forced the cashier to open the cash register, and stole cash, cigarettes, and lottery tickets valued at $1,200.  Darden challenges his convictions on Counts 1 and 2 on the ground that the Government failed to prove  that Kris and Pamela's Market engaged in interstate commerce during the time of the robbery.  He challenges his convictions on Counts 2 and 4 on the ground that the court refused to have the jury,

2

rather than the court, decide whether the crimes charged in Counts 1 and 3 were crimes of violence. Darden challenges his sentences on Counts 2 and 4 on the ground that the court erred in making the sentences consecutive.

I.

We review the sufficiency of evidence to prove interstate commerce <u>de novo</u>, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. <u>United States v. Rodriguez</u>, 218 F.3d 1243, 1244 (11th Cir. 2000). A district court's denial of a motion for a judgment of acquittal is due to be affirmed if a reasonable trier of fact could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. <u>Id.</u>

Section 1951 of Title 18 of the United States Code, the Hobbs Act, states that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Hobbs Act's jurisdictional language "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to

3

punish interference with interstate commerce by extortion, robbery or physical violence." Stirone v. United States, 361 U.S. 212, 215, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960). As such, the government need only establish a minimal effect on interstate commerce to support a violation. Rodriguez, 218 F.3d at 1244. In determining a minimal effect on commerce, we decide each case on its own facts. Id. at 1245.

The prosecution sought to prove the interstate commerce element by introducing evidence of a contract Kris and Pamela's Market made with J.J. Taylor for the purchase of out-of-state goods. The contract covered the entire month of June 2007, and, in our view, sufficed to establish that Kris and Pamela's Market engaged in interstate commerce prior and during the June 4th robbery. We therefore reject Darden's challenge to the Counts 1 and 2 convictions.

## II.

We review the legal correctness of a jury instruction de novo. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). A conviction will not be reversed on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in a substantial way as to violate due process. Id. A "crime of violence" determination is a question of law for the court. See United States v. Houston, 456 F.3d 1328, 1340 (11th Cir. 2006)

4

(holding that a court decides, as a matter of law, whether a defendant's prior convictions constitute crimes of violence under U.S.S.G. § 4B1.1). The court therefore did not err in deciding that a Hobbs Act robbery constituted a crime of violence.

## III.

We review the interpretation of a criminal statute de novo. United States v. Murrell, 368 F.3d 1283, 1285 (11th Cir. 2004). Pursuant to 18 U.S.C. § 924(c):

> no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(D)(ii). In United States v. Wright, 33 F.3d 1349 (11th Cir. 1994), we held that the plain language of the statute expressly states that a term of imprisonment imposed under § 924(c) cannot "run concurrently with any other term of imprisonment, period." Id. at 1350. Multiple offenses under § 924(c) results in multiple sentences with multiple terms–one term for each offense. Id. In short, the court did not err in sentencing Darden to consecutive terms of imprisonment on Counts 2 and 4.

AFFIRMED.