[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13930
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00027-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT LEGETTE, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 26, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Albert Legette, III, appeals the sentence imposed after his convictions for

possession with intent to distribute cocaine, possession of a firearm in furtherance

of a drug-trafficking offense, and possession of a firearm by a convicted felon. Because Legette cannot show plain error in the imposition of his sentences, we affirm.

Legette pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count 1); possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3). The two firearm charges involved the same firearm, and the indictment listed eight of Legette's prior convictions. He faced enhanced penalties under 21 U.S.C. §§ 841 and 851 based on the prior convictions. The plea agreement advised Legette that he faced a five-year mandatory minimum on Count 2 that would run consecutively to the other sentences, and a fifteen-year mandatory minimum on Count 3.

The probation officer prepared a presentence investigation report ("PSI"), grouping Counts 1 and 3 together under U.S.S.G. § 3D1.2. The base offense level was determined by the most serious of the group, the § 922(g) offense, and because Legette had prior convictions, his base offense level was 24 under § 2K2.1(a)(2). Legette's criminal history qualified him as an armed career criminal, which raised his offense level to 34 and set his criminal history category at VI. With a 3-level

2

reduction for acceptance of responsibility, the total adjusted offense level was 31.

The resulting guidelines range for Counts 1 and 3 was 188 to 235 months'

imprisonment. Count 3 carried a mandatory minimum of 180 months'

imprisonment under 18 U.S.C. § 924(e).

Count 2, which was not part of the guidelines calculations, carried a

mandatory consecutive 60-month sentence under 18 U.S.C. § 924(c). When the

mandatory 60-month sentence was added to the guidelines range, the total range

became 248 to 295 months' imprisonment. Under § 4B1.1(c)(2), (3), the

guidelines range became 262 to 327 months' imprisonment.[1] Legette filed factual

objections not relevant to the instant appeal, but he did not object to the sentencing

guidelines calculations.

Prior to sentencing, the government filed a motion for a reduction based on

Legette's substantial assistance, which would permit the court to sentence Legette

below the mandatory minimum sentences. *See* U.S.S.G. § 5K1.1, comment. (n.1).

At sentencing, Legette conceded that the appropriate guidelines range was 262 to

327 months' imprisonment. After considering the sentencing factors in 18 U.S.C.

§ 3553(a) and listening to the arguments, the court adopted the guidelines

---

[1] Under § 4B1.1(c), a defendant who was convicted of a § 924(c) offense and who is a career offender faces an increased guideline range. Because Legette fell into these categories, his guideline range became 262 to 327 months' imprisonment. *See* U.S.S.G. § 4B1.1(c)(3). Legette does not dispute this calculation.

3

calculations and sentenced Legette to two concurrent 176-month sentences for Counts 1 and 3, and a 60-month consecutive sentence for Count 2. The court noted that it had departed from the sentencing range based on the government's motion for a reduction based on substantial assistance, § 5K1.1. Legette raised no objections to the sentence imposed.

Legette now appeals, arguing that the court plainly erred by imposed the 60-month consecutive sentence on Count 2 because he faced a mandatory 180-month sentence on Count 3, and the court was not permitted to apply both mandatory minimums under the plain language of 18 U.S.C. § 924(c).[2]

Generally, we review pure questions of law *de novo*. *See United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003). But where a defendant fails to raise a sentencing issue before the district court, we review for plain error. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). We will

---

[2] This statute provides:

*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime . . . who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–(i) be sentenced to a term of imprisonment of not less than 5 years. . . . (D) Notwithstanding any other provision of law . . . (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(A), (D) (emphasis added).

correct a plain error only if (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). "If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

At issue in this case is whether § 924(c)'s prefatory "except" clause prohibits the court from imposing the mandatory sentences on both the § 924(c) count and the § 922(g) count.

This court has held that "[t]he plain language of the statute expressly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment, period." *United States v. Wright*, 33 F.3d 1349, 1350 (11th Cir. 1994). "No exceptions are provided." *Id.* Importantly, this holding predates the statute's "except" language.[3]

Even if the addition of the "except" clause called this court's precedent into question, Legette cannot show plain error. Legette contends that there is plain error because, although this court had not addressed § 924(c)'s "except" clause at the time he was sentenced, the other circuits to address it had consistently held that

---

[3] Apparently, the "except" clause was added to the statute in 1998. *See United States v. Easter*, 553 F.3d 519, 527 (7th Cir. 2009), *cert. denied*, 2010 WL 250549 (2010).

5

the two mandatory minimums were impermissible.[4]  Contrary to Legette's

understanding, however, the fact that other circuits were consistent at the time does

not establish plain error.  "It is the law of this circuit that, at least where the explicit

language of a statute or rule does not specifically resolve an issue, there can be no

plain error where there is no precedent from the Supreme Court or this Court

directly resolving it."  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th

Cir. 2003).  Thus, at the time of Legette's sentencing, neither this court nor the

Supreme Court had addressed the "except" clause, and there was no plain error in

the court's interpretation.  Legette's sentences are

**AFFIRMED.**

---

[4] Since Legette's sentencing, there has been a circuit split on the interpretation of § 924(c)'s except clause.  The Supreme Court has now granted *cert.* in two cases to address § 924(c)'s mandatory consecutive sentence in conjunction with mandatory minimum sentences for other offenses.  *See United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009), *cert. granted*, 2010 WL 250514 (Jan. 25, 2010) (No. 09-479), and *United States v. Gould*, 329 Fed. Appx. 569 (5th Cir. 2009) (unpublished), *cert. granted*, 2010 WL 250523 (Jan. 25, 2010) (No. 09-7073).