[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14363
Non-Argument Calender

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00145-MSS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO DEON BIZZELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2012)

Before CARNES, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Bizzell appeals his 780-month total sentence for drug trafficking and firearm convictions.  He contends that his sentence is substantively unreasonable.

I.

A federal grand jury returned a second superseding indictment charging Bizzell with ten crimes:  one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846; three counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); three counts of carrying and using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)–(2); and three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Bizzell pleaded not guilty, and a jury returned a verdict finding him guilty on each count.

The presentence investigation report grouped together the convictions for drug conspiracy, drug possession, and possession of a firearm by a convicted felon, see United States Sentencing Guidelines § 3D1.2(d) (Nov. 2010), and it recommended a total offense level of 32.  It also recommended a criminal history category of IV.  Combined with Bizzell's total offense level of 32, the result was a guidelines range of 168 to 210 months in prison for those convictions.

The PSR also stated that a person convicted of using a firearm in relation to a drug trafficking crime is subject to a mandatory minimum 5-year consecutive sentence on the first count of conviction and to a 25-year consecutive sentence on each "second or successive conviction." See 18 U.S.C. § 924(c)(1)(A)(i), (C)(i), (D)(ii). Because Bizzell was convicted of three counts of possessing a firearm in relation to a drug trafficking crime, he is subject to mandatory minimum consecutive sentences of 60 months on the first § 924(c) count, 300 months on the second, and another 300 months on the third—a total of 660 months. Those consecutive sentences became the guidelines range for the § 924(c) counts as well. See U.S.S.G. § 2K2.4(b). So his total guidelines range was 828 to 870 months for all ten convictions.

Bizzell did not object to the PSR. He asked the court to impose a 0-month sentence on the seven non-18 U.S.C. § 924(c) counts in light of the total 660-month sentence the court was required to impose on the three § 924(c) counts. The district court adopted the PSR, varied downward, and imposed a 780-month total sentence: 120-month concurrent sentences on each non-§ 924(c) count; a 60-month consecutive sentence on the first § 924(c) count; a 300-month consecutive sentence on the second § 924(c) count; and another 300-month consecutive sentence on the third § 924(c) count.

3

Explaining the sentence, the district court stated that it had considered the factors and purposes listed in 18 U.S.C. § 3553(a). The court also stated that it had to impose a "Draconian" 660-month sentence for the three 18 U.S.C. § 924(c) convictions and that it had considered Bizzell's arguments for a 0-month sentence on the non-§ 924(c) counts. Even so, the court concluded that the 780-month "sentence [was] sufficient, but not greater than necessary to comply with the statutory purposes of sentencing," and it based the slight downward variance on Bizzell's troubled childhood, drug dependency, and remorse. The court, however, rejected Bizzell's request for a 0-month sentence on the non-§ 924(c) counts, reasoning: "[M]y decision not to simply ignore the underlying drug offenses is borne out of the notion that other defendants appear before the Court on drug offenses not facing any gun offenses, and I can't legitimately say to them they should be punished for their drug offenses and he shouldn't . . . ."

## II.

Bizzell appeals his 780-month total sentence, contending that it is substantively unreasonable.[1] He argues that the district court did not properly

---

[1] Bizzell also contends that the court should have ordered that a sentence for one of the § 924(c) counts run concurrently to the consecutive sentences for the other two § 924(c) counts. As Bizzell recognizes, however, that contention is foreclosed by our precedent. See United States v. Wright, 33 F.3d 1349, 1350 (11th Cir. 1994) ("The plain language of the statute expressly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment, period. No exceptions are provided.").

consider the severity of the 660-month sentence it was required to impose on the three § 924(c) convictions. If it had done so, Bizzell argues, it would have imposed a lower total sentence.

"Our substantive reasonableness review is guided by the factors in 18 U.S.C. § 3553(a)." United States v. White, 663 F.3d 1207, 1217 (11th Cir. 2011). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in that statutory provision. 18 U.S.C. § 3553(a). Those purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. Id. § 3553(a)(2). Among other factors, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. See id. § 3553(a)(1), (4), (6).

"The burden of establishing that a sentence is unreasonable lies with the party challenging it." White, 663 F.3d at 1217. "We will vacate a sentence for substantive unreasonableness 'if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing

5

the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" Id. (quoting United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)).

Bizzell has not shown that his sentence is substantively unreasonable. His 780-month total sentence is below his guidelines range of 828 to 870 months, and we usually expect a below-the-guidelines sentence to be reasonable. See White, 663 F.3d at 1217. The district court stated that it considered the § 3553(a) factors and Bizzell's arguments for a 0-month sentence on the non-§ 924(c) counts, which means it considered his argument that the 660-month sentence on the § 924(c) convictions was enough to comply with 18 U.S.C. § 3553(a). The court concluded, however, that the need to avoid a potential sentencing disparity resulting from a 0-month sentence on the underlying drug convictions outweighed the "Draconian" nature of the § 924(c) sentences. That conclusion does not render Bizzell's sentence unreasonable.

**AFFIRMED.**