[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11986

Non-Argument Calendar

_____

ARTHUR PICKLO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00666-HLA-PDB

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Arthur Picklo, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate on his claim that his conviction for depriving another of the rights protected by the Constitution and laws of the United States under color of state law by attempting to kill another by the use of a firearm that resulted in bodily injury, under 18 U.S.C. § 242, could not serve as a valid predicate offense for his conviction under 18 U.S.C. § 924(c).  He argues that § 242 can be violated without the use, attempted use, or threatened use of force, so his § 924(c) sentence should have run consecutively only to his other valid predicate offenses.

The government responds by moving for summary affirmance of the district court's order and argues that any error that the district court made was harmless because Picklo's sentence for his § 924(c) conviction had to run consecutively to all other sentences, so it is irrelevant whether his § 924(c) sentence was imposed consecutively to his § 242 conviction or his other two valid predicates.

Summary disposition is appropriate either where time is of the essence, such as where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more

22-11986                Opinion of the Court                3

frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[1]

When reviewing the district court's denial of a motion to vacate, we review questions of law de novo and findings of fact for clear error. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009). "[T]he scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the [certificate of appealability]." *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). We review cases on collateral review for harmless error. *Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021). Under harmless error, "[t]here must be more than a reasonable possibility that the error was harmful." *Davis v. Ayala*, 576 U.S. 257, 268 (2015) (internal quotation marks omitted).

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting the right to be released because his "sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Unless the claimed error involves a lack of jurisdiction or a constitutional

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

violation, however, § 2255 relief is limited.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Section 924(c) provides a mandatory consecutive sentence for anyone that uses or carries a firearm in furtherance of a crime of violence.  18 U.S.C. § 924(c).  A "crime of violence," in turn, is a felony offense that: (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *Id.* § 924(c)(3)(A)-(B).  The first prong of that definition is referred to as the "elements clause," while the second prong contains the "residual clause."  *In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019).

In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague.  *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  We have held that the movant "'bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction[s] resulted from application of solely the [now-unconstitutional] residual clause.'"  *Alvarado-Linares v. United States*, 44 F.4th 1334, 1341 (11th Cir. 2022) (quoting *In re Hammoud*, 931 F.3d at 1041) (second and third alterations in original).  We have held that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause.  *In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016).

On collateral review, the harmless-error standard mandates that collateral relief for a *Davis* claim is proper only if the court has

"grave doubt" about whether an error had a "substantial and injurious effect or influence" in determining the verdict. *Granda*, 990 F.3d at 1292. In *Granda*, we explained that a petitioner must show more than a reasonable possibility that the error was harmful, and we would grant relief "only if the error 'resulted in actual prejudice'" to the movant. *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). There, we reasoned that the record did not provoke a grave doubt about whether Granda's § 924(o) conviction rested solely on the invalid predicate because it was inextricably intertwined with other valid predicate offenses. *Id.* at 1293. We explained that the alternative predicates were inextricably intertwined and that the offenses encompassed a "tightly bound factual relationship" that precluded Granda from establishing actual prejudice. *Id.* at 1291. We noted that it was proper to look at the record to determine whether the defendant was actually prejudiced by the invalid predicate, in that it led to his conviction as opposed to the jury finding him guilty under a valid predicate. *Id.* at 1294. We held that "[t]he inextricability of the alternative predicate crimes compels the conclusion that" instructing the jury on a constitutionally invalid predicate as one of several potential alternative predicates was harmless. *Id.* at 1292.

Section 924(c) states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). We have held

that "[t]he plain language of the statute expressly states that a *term* of imprisonment imposed under section 924(c) cannot run concurrently with any *other term* of imprisonment, period." *United States v. Wright*, 33 F.3d 1349, 1350 (11th Cir. 1994) (per curiam).

Finally, under the prior panel precedent rule, we are bound by prior published decisions that have not been overruled by the Supreme Court or this Court en banc. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam).

Here, the government is entitled to summary affirmance because its position is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1161–62. Even assuming that 18 U.S.C. § 242 is not a crime of violence, Picklo failed to demonstrate that he was entitled to relief on his § 2255 motion because he remains convicted of Hobbs Act robbery, which we have held is a valid predicate crime of violence under § 924(c)'s elements clause. *Alvarado-Linares*, 44 F.4th at 1341; *In re Fleur*, 824 F.3d at 1340. Under *Granda*, Picklo's convictions for deprivation of civil rights under color of law, Hobbs Act robbery, and attempted murder were inextricably intertwined because all three charges arose from a single, "tightly bound factual relationship." *Granda*, 990 F.3d at 1291. As such, Picklo cannot demonstrate that his § 924(c) conviction rested solely on his § 242 conviction in Count 1, and because his convictions were inextricably intertwined, any error that the district court made in "instructing the jury on a constitutionally invalid predicate as one of several potential alternative predicates was harmless." *Id.* at 1292.

As to the district court's imposition of a consecutive sentence under § 924(c), both the § 924(c) statute and our binding precedent require that a term of imprisonment for a § 924(c) conviction must run consecutively to all other terms of imprisonment. *See* 18 U.S.C. § 924(c)(1)(D)(ii); *Wright*, 33 F.3d at 1350. Because the district court sentenced Picklo to 360 months' imprisonment on Count 1, and 240 months' imprisonment on each Count 2 and 3 to run concurrently to Count 1, Count 4 had to run consecutively to all other sentences, so it is irrelevant whether Count 4 was predicated on Count 1, 2, or 3, as Picklo's total sentence remains 480 months' imprisonment. Therefore, even if the district court erred when it found that Picklo's § 242 conviction was a valid predicate crime of violence within § 924(c)'s element's clause, any error was harmless because Picklo remains convicted of at least one valid predicate crime of violence, so his consecutive § 924(c) sentence was proper. 18 U.S.C. § 924(c)(1)(D)(ii); *Granda*, 990 F.3d at 1292; *Wright*, 33 F.3d at 1350.

Therefore, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**