[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10190

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

DELON JOSEPH ADAMS,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00326-VMC-MRM-1

_____

Before Newsom, Anderson, and Hull, Circuit Judges

PER CURIAM:

In 2020, defendant Delon Adams robbed four different cell phone stores on four different days. During each robbery, Adams brandished a firearm at store employees.

A jury convicted Adams of eleven offenses, including four counts of Hobbs Act robbery and four counts (Counts 2, 4, 6, and 8) of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Because Adams had a prior § 924(c) firearm conviction in 2002, the mandatory minimum for each § 924(c) conviction was 25 years. *See* 18 U.S.C. § 924(c)(1)(C)(i).

At sentencing, the district court, over Adams's objection, concluded that § 924(c) required that Adams's four 25-year sentences be served consecutive to each other and to any other sentence. As a consequence, the district court imposed 121-month prison terms on Counts 1, 3, 5, 7, 9, and 11 and a 6-month term on Count 10, all to be served concurrently, followed by four consecutive 300-month (25 year) terms on Counts 2, 4, 6, and 8, for a total sentence of 110 years and one month.

On appeal, Adams does not challenge his eleven convictions. Adams also does not challenge his sentences on Counts 1, 3, 5, 7, 9, 10 and 11. Adams argues only that his 25-year consecutive sentences on Counts 2, 4, 6, and 8 are procedurally unreasonable.

Specifically, Adams contends that the district court procedurally erred when it determined § 924(c) mandated consecutive sentences and that the text of § 924(c) permits partially concurrent sentences. And, because the statutory mandatory minimum sentence for his § 924(c) offenses governs his Guidelines sentence, Adams claims the district court also miscalculated his advisory guidelines range. After review, we find no merit to Adams's arguments and affirm his consecutive § 924(c) sentences on Counts 2, 4, 6, and 8.

## I. GENERAL PRINCIPLES

When reviewing a sentence for reasonableness, we first must ensure the district court committed no significant procedural error, such as failing to properly calculate the advisory guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). "We normally review the procedural reasonableness of a sentence under an abuse-of-discretion standard." *United States v. Waters*, 937 F.3d 1344, 1358 (11th Cir. 2019).[1] We review questions of statutory interpretation *de novo*. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).

Under § 924(c), a defendant who previously was convicted of a § 924(c) firearm offense must "be sentenced to a term of

---

[1] The parties dispute whether Adams's objection to his consecutive sentences in the district court—that the four § 924(c) offenses were part of one criminal episode—preserved the issue he now raises on appeal and thus whether our review is for plain error. We need not resolve this question because the district court did not commit any procedural error, and therefore Adams cannot prevail under either standard of review.

imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Additionally, "no term of imprisonment imposed on a person under [§ 924(c)] shall run concurrently with any other term of imprisonment imposed on the person . . . ." *Id.* § 924(c)(1)(D)(ii). In turn, under the Sentencing Guidelines, a § 924(c) defendant's "guideline sentence is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b).

This Court has held that the plain language of § 924(c)(1)(D)(ii) requires sentences for multiple § 924(c) firearm offenses to be run consecutively to each other. *See United States v. Wright*, 33 F.3d 1349, 1350 (11th Cir. 1994). In *Wright*, the defendant was convicted of four counts of armed bank robbery and four counts of using a firearm during a crime of violence, in violation of § 924(c)(1). *Id.* at 1349. The sentencing court imposed concurrent 70-month sentences for Wright's bank robbery convictions and four separate 240-month terms for his § 924(c) firearm convictions, to run consecutively to each other and to his concurrent 70-month sentences, for a total sentence of 1030 months, or about 86 years. *Id.* at 1349.

On appeal, Wright argued that § 924(c) required his sentences to run consecutively to his bank robbery sentences but did not require them to run consecutively to each other. *Id.* at 1349-50. Wright specifically argued that the word "other" in § 924(c)(1) meant "that the term of imprisonment cannot run concurrently with any term of imprisonment 'other than' a term of imprisonment under section 924(c)." *Id.* at 1350. This Court

rejected Wright's argument, stating, "The plain language of the statute expressly states that a *term* of imprisonment imposed under section 924(c) cannot run concurrently with any *other term* of imprisonment, period. No exceptions are provided." *Id.* (emphasis in original). This Court affirmed Wright's total sentence "[b]ecause the plain language of [§ 924(c)] *requires* consecutive sentences." *Id.* at 1350-51 (emphasis added).

## II. ADAMS'S CONSECUTIVE SENTENCES

Here, Adams argues that the text of § 924(c)(1)(D)(ii) does not require § 924(c) sentences to run consecutively and its prohibition against concurrent sentences does not extend to partially concurrent sentences. Adams's argument that the plain language of § 924(c)(1)(D)(ii) does not require consecutive sentences is foreclosed by our *Wright* precedent. Although the Court in *Wright* was focused on the meaning of the word "other" in § 924(c) to determine whether the statute required multiple sentences under § 924(c) to run consecutively to each other, our Court ultimately concluded that "the plain language of the statute requires consecutive sentences." *Id.* at 1350. The Court's reasoning and holding in *Wright* indicate that § 924(c)'s bar on imposing concurrent § 924(c) sentences also means those sentences must run consecutively. *See id.*

Adams cites *Dean v. United States*, 581 U.S. 62 (2017), but *Dean* has no bearing on the consecutive-sentence issue raised here. In *Dean*, the defendant was sentenced for two § 924(c) convictions and two robbery convictions that also served as predicates for the

§ 924(c) counts.  581 U.S. at 65.  The issue in *Dean* was "whether, in calculating the sentence for the *predicate* [robbery] offense, a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)."  *Id.* at 64 (emphasis added). The Supreme Court concluded that nothing in §924(c) or 18 U.S.C. § 3553(a) prevented the sentencing court from considering the lengthy mandatory minimum sentence required by § 924(c) "when calculating a just sentence for the *predicate* count."  *Id.* at 67-71 (emphasis added).

In short, *Dean* was concerned with the district court's discretion in imposing sentences for robbery counts *other than* the § 924(c) firearm counts.  Nothing in *Dean* suggests a district court can impose partially concurrent sentences for multiple § 924(c) convictions.  To the contrary, the Supreme Court acknowledged in *Dean* that the defendant faced a 30-year mandatory minimum sentence for his two § 924(c) counts—five years for the first count and 25 years for the second count—because "[a] sentence imposed under § 924(c) must run consecutively to 'any other term of imprisonment imposed on the person.'"  *Id.* at 65 (quoting 18 U.S.C. § 924(c)(1)(D)(ii)).  The Supreme Court also agreed with the government that § 924(c)(1)(D)(ii)'s "requirement of consecutive sentences removes the discretion to run sentences concurrently that district courts exercise under [18 U.S.C. §] 3584."  *Id.* at 70.

As to Counts 2, 4, 6, and 8, Adams has not shown procedural error in the district court's calculation of his Guidelines sentence under U.S.S.G. § 2K2.4(b) or in its imposition of four 25-year

23-10190                 Opinion of the Court                        7

sentences, to be served consecutively to each other and to his sentences on Counts 1, 3, 5, 7, 9, 10 and 11, as required by 18 U.S.C. § 924(c)(1)(D)(ii).  Accordingly, Adams's sentences on Counts 2, 4, 6, and 8 are not procedurally unreasonable.

**AFFIRMED.**