[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10123
Non-Argument Calendar

_____

D. C. Docket No. 06-00032-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELDON DEAN CHRISTOPHER WATT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 25, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Sheldon Dean Christopher Watt appeals his conviction for

conspiracy to assault with intent to rob a United States Post Office employee and to receive, possess, or dispose of unlawfully obtained property of the United States, in violation of 18 U.S.C. § 371. A superseding indictment alleged that Watt, in furtherance of a conspiracy, robbed the Sorrento and Tangerine, Florida post offices. In addition to the conspiracy, Watt was indicted on six additional counts, including the substantive offenses of robbing the Sorrento and Tangerine post offices. The jury found Watt not guilty of the Sorrento robbery substantive offenses, but found him guilty on all remaining counts, including the conspiracy count. The district court then acquitted Watt of the Sorrento robbery counts.

Watt argues that the evidence adduced at trial was insufficient to support his conspiracy conviction, and his conviction cannot stand on mere conjecture. Watt points out that two witnesses testified that a single man robbed the Tangerine post office, and, although another witness testified that he saw one man get out of a car in front of the Tangerine post office before the robbery, the witness did not see anyone else in the car. Watt argues that the assumption that someone else was in the car because he exited from the passenger's side is pure speculation. Watt also argues that, although Jillian Rodriguez was caught trying to cash a stolen money order, there is no evidence to support the conclusion that she was a co-conspirator, as the government did not present any evidence to show that Rodriguez knew that

2

she was engaged in a criminal enterprise. Watt concludes that, because there was insufficient evidence to link Rodriguez to the conspiracy, his conviction for conspiracy should be reversed. Watt also argues that evidence regarding the Sorrento robbery is not relevant to his appeal because he was acquitted of the Sorrento robbery.

We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004). When reviewing the sufficiency of the evidence, the inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In so doing, we resolve all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997), *modified on other grounds by United States v. Toler*, 144 F.3d 1423, 1427 (11th Cir. 1998). This review is "'independent of the jury's determination

3

that evidence on another count was insufficient.'" *United States v. Veal*, 153 F.3d 1233, 1253 (11th Cir. 1998) (quoting *United States v. Powell*, 469 U.S. 57, 67, 105 S. Ct. 471, 478, 83 L. Ed. 2d 461 (1984)).

"The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). "To prove knowing and voluntary participation, the government must prove beyond a reasonable doubt that appellants had a specific intent to join the conspiracy." *Calderon*, 127 F.3d at 1326. "The existence of a conspiracy may be demonstrated by direct or circumstantial proof, including inferences from statements or conduct of the participants." *United States v. Cross*, 928 F.2d 1030, 1042 (11th Cir. 1991). "Similarly, the defendant's knowledge of and membership in the conspiracy may be proven by acts on his part which furthered the goal of the conspiracy." *Id*. "The government, however, must show circumstances from which a jury could infer beyond a reasonable doubt that there was a meeting of the minds to commit an unlawful act." *United States v. Adkinson*, 158 F.3d 1147, 1154 (11th Cir. 1998) (internal quotation and citation omitted). "[A] common purpose and plan with the other coconspirators may be inferred from a

development and collocation of circumstances." *Calderon*, 127 F.3d at 1326 (internal quotations and citation omitted).

As an initial matter, we conclude from the record that Watt errs in assuming that the evidence regarding the Sorrento post office robbery is not relevant to his appeal. All evidence adduced at trial is reviewed to determine whether or not sufficient evidence exists to support Watt's conviction. *See Veal*, 153 F.3d at 1253. Further, being acquitted of the Sorrento robbery does not foreclose Watt from being convicted of conspiracy, even if the Sorrento post office robbery were the only underlying offense. *See United States v. Hernandez*, 141 F.3d 1042, 1052 (11th Cir. 1998) ("Conspiracy and the substantive offense that is the object of the conspiracy are separate and distinct crimes . . . . It is well established that acquittal on the substantive count does not foreclose conviction on the related conspiracy count."); *United States v. Ross*, 131 F.3d 970, 989 (11th Cir. 1997) ("[B]ecause the crime of conspiracy is a separate offense, a conviction for conspiracy will stand even if the evidence is insufficient to support a conviction for the substantive offense also pled as an object of the conspiracy."). The jury could have credited Watt's involvement in the Sorrento conspiracy while doubting he was the masked man who robbed the Sorrento post office. Accordingly, evidence regarding the Sorrento post office robbery is relevant to whether Watt conspired with another to

rob both the Sorrento and Tangerine post offices.

As to the substance of Watt's appeal, we conclude from the record that sufficient evidence exists to support his conviction for conspiracy because the circumstantial evidence introduced at trial would allow a jury to conclude beyond a reasonable doubt that Rodriguez, or at the very least an unidentified co-conspirator, conspired with Watt to commit the robberies. While Watt was the only person seen during the robbery of the Tangerine post office, he was seen exiting from the passenger side of a car with darkly tinted windows, thus indicating another individual had driven him there. The car was similar to a car registered to Rodriguez, and she was apprehended later while trying to cash a money order stolen by Watt during the Tangerine robbery, in furtherance of the conspiracy. *See Cross*, 928 F.2d at 1042.

As to the Sorrento robbery, an unknown person, driving a car with the headlights off, picked up the robber once he had abandoned a mail truck stolen from the Sorrento post office and then sped off. The jury could have inferred that the car had its headlights off and sped away because it was the getaway car. Further, Rodriguez deposited cash into her bank account hours after the Sorrento post office robbery in an amount about $130 more than the amount stolen. Finally, stolen post office property and other evidence from both the Sorrento and

6

Tangerine robberies were found in the bedroom shared by Watt and Rodriguez.

Thus, we conclude that the evidence adduced at trial was sufficient to support

Watt's conspiracy conviction.

**AFFIRMED.**