[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15155
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-21003-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS ARANGUREN-SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Luis Aranguren-Suarez appeals his convictions for conspiracy and

attempt to possess with intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1). Aranguren-Suarez raises three issues on appeal. First, he argues that the evidence was insufficient to support his convictions. Second, he asserts that the district court abused its discretion by admitting into evidence his prior conviction for conspiracy to possess with intent to distribute cocaine. Third, he contends that the prosecutor, during closing arguments, made impermissible and unduly prejudicial comments.

I.

We review the sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000). The district court's denial of a judgment of acquittal motion is upheld if a reasonable trier of fact could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. Id. The jury is free to choose among the reasonable conclusions to be drawn from the evidence presented. United States v. Sanchez, 722 F.2d 1501, 1505 (11th Cir. 1984). Additionall, "[e]vidence of flight is admissible to demonstrate consciousness of guilt and thereby guilt." United States

v. Blakey, 960 F.2d 996, 1000 (11th Cir. 1992).

To convict a defendant for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of the agreement; and (3) the defendant knowingly and voluntarily joined the agreement. United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). A defendant's participation in a criminal conspiracy does not need to be proven by direct evidence. Id. A common purpose and plan may be inferred from the development of circumstances. Id. "Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." Id.

To sustain a conviction for attempted possession with intent to distribute cocaine, the government must prove beyond a reasonable doubt that the defendant "(1) acted with the kind of culpability required to possess cocaine knowingly and wilfully and with the intent to distribute it; and (2) engaged in conduct which constitutes a substantial step toward the commission of the crime under circumstances strongly corroborative of [his] criminal intent." Id. We have noted that "federal law . . . permits an inference of intent to distribute from a defendant's

3

possession of a significantly large quantity of drugs." United States v. Madera-Madera, 333 F.3d 1228, 1233 (11th Cir. 2003).

We conclude the evidence was sufficient to support Aranguren-Suarez's convictions. In regard to the cocaine conspiracy charge, the evidence established that two individuals, Charlechys Zapata and Christopher Hernandez, were delivering cocaine-filled clocks to Gaiva Tapia at her store, A&J Tours, and that Aranguren-Suarez knew that Tapia was selling cocaine and voluntarily joined the cocaine-distribution scheme by having a representative, Elsa Hernandez, accept cocaine on his behalf from A&J Tours. Elsa Hernandez testified that she received ten clocks on Aranguren-Suarez's behalf on October 6, 2007, and attempted to pick up ten more clocks on his behalf on November 29, 2007. The invoices found during a search of A&J Tours supported Elsa Hernandez's testimony. Further, the evidence showed that Aranguren-Suarez drove Elsa Hernandez to A&J Tours to retrieve the clocks, gave her money to purchase the clocks, and was found walking away, or fleeing, from the scene of A&J Tours immediately following Elsa Hernandez's arrest.

With regard to the attempt to distribute cocaine charge, the evidence showed that Aranguren-Suarez acted with the kind of culpability required to possess cocaine with the intent to distribute it, and that he engaged in substantial steps

toward the commission of this crime. Aranguren-Suarez's stipulation that the total amount of cocaine seized by law enforcement was 4.7 kilograms supported the jury's finding that the offenses involved more than 500 grams of cocaine and that large amount of cocaine supported the jury's finding that Aranguren-Suarez intended to distribute the cocaine.

## II.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006).

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of mistake, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b). The test for admissibility under Rule 404(b) includes: (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act"; and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v.

5

Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

Pursuant to Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. The district court has a great degree of discretion in weighing probative value and prejudice under Rule 403, but we have "also recognized that Rule 403 is 'an extraordinary remedy which the district court should invoke sparingly and [t]he balance . . . should be struck in favor of admissibility.'" United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) (internal citations omitted). Moreover, the risk of undue prejudice can be reduced by a district court's limiting instruction. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

We find that the district court did not abuse its discretion in admitting the prior conviction. Here, Aranguren-Suarez's prior conviction for conspiracy to possess with intent to distribute cocaine was relevant because the government had the burden of proving that Aranguren-Suarez "knowingly" participated in the charged drug conspiracy. See McDowell, 250 F.3d at 1365 (stating that to convict a defendant for conspiracy to possess cocaine, the government must prove, inter alia, that the defendant knowingly joined the conspiracy). Aranguren-Suarez's not

6

guilty plea to the conspiracy charge made his intent a material issue, and the prior conviction was admissible under Rule 404(b) for the jury to determine whether he intended to join the conspiracy or acted by accident or mistake. See Fed.R.Evid. 404(b). As to the second prong of the test, Aranguren-Suarez stipulated at trial to the fact of his prior conviction. As to the third prong, he has not shown that the probative value of the evidence was substantially outweighed by its prejudicial effect. Moreover, the district court gave a limiting instruction with regard to the prior conviction, which reduced the risk of undue prejudice. See Ramirez, 426 F.3d at 1354.

III.

Where a defendant fails to object to the prosecutor's comments at trial, we review only for plain error. See United States v. Arias-Izquierdo, 449 F.3d 1168, 1185 n.8 (11th Cir. 2006). We remand for plain error when there is "(1) error, (2) that is plain, (3) that affects substantial rights, and even then, only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

To prevail on a prosecutorial misconduct claim, the defendant must show not only improper comments by the prosecutor, but also that those comments prejudicially affected his substantial rights. Id. at 1177. "A defendant's substantial

7

rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." United States v. Eckhart, 466 F.3d 938, 947 (11th Cir. 2006). Any error is harmless when the record contains sufficient independent evidence of guilt. Id.

In evaluating a claim of prosecutorial misconduct, we examine the comments in the context of the entire trial and in light of any curative instruction. United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998). A prosecutor may state conclusions drawn from the evidence during his closing argument, and there is "no prohibition on 'colorful and perhaps flamboyant' remarks if they relate to the evidence adduced at trial." United States v. Bailey, 123 F.3d 1381, 1400 (11th Cir. 1997) (quoting United States v. Jacoby, 955 F.2d 1527, 1541 (11th Cir. 1992)).

The comments that Aranguren-Suarez objects to do not amount to prosecutorial misconduct. First, the comment made by the prosecutor, "the innocent stay, the guilty flee," was in reference to Agent Diaz's testimony that Aranguren-Suarez was walking away from the scene of A&J Tours after Elsa Hernandez's arrest. The prosecutor was permitted to draw from Agent Diaz's testimony the inference that Araguren-Suarez was fleeing. Second, the prosecutor's statement that Aranguren-Suarez was a convicted drug dealer was

8

supported by evidence as Aranguren-Suarez himself admitted that he had been convicted of conspiracy to distribute cocaine and the comment about his recent release was in the prosecutor's rebuttal, responding to Aranguren-Suarez's comment that the conviction was over ten years old. Accordingly, these statements were not improper.

Moreover, even if the prosecutor's comments regarding Aranguren-Suarez's prior conviction were improper, Aranguren-Suarez has not established that these comments affected his substantial rights. The district court reminded the jury, after closing arguments, that the comments of the lawyers were not binding, and it gave a limiting instruction on the purpose of the 404(b) evidence. Thus, viewing the prosecutor's comments in the context of the record as a whole, they did not affect Aranguren-Suarez's substantial rights. Accordingly, we affirm Aranguren-Suarez's convictions.

**AFFIRMED.**[1]

---

[1] Aranguren-Suarez's request for oral argument is denied.