[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12907
Non-Argument Calendar
_____

D. C. Docket No. 8:10-cr-00307-JDW-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES BERNARD TOLSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 28, 2012)


Before HULL, EDMONDSON and BLACK, Circuit Judges.


PER CURIAM:

Charles Bernard Tolson appeals his convictions and 125-month sentence for

three counts of knowingly and unlawfully obstructing commerce by robbery, in violation of 18 U.S.C. § 1951, and his convictions and consecutive life sentences for three counts of knowingly brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  No reversible error has been shown; we affirm.

On appeal, Tolson first argues that the district court erred by failing to conduct an inquiry into whether his codefendant, Lashay Cooper, was under the influence of drugs when he testified at trial.  We review the district court's evidentiary rulings for an abuse of discretion.  United States v. Caraballo, 595 F.3d 1214, 1226 (11th Cir. 2010).

We conclude that the district court did not abuse its discretion by admitting Cooper's testimony and determining that he was competent to testify.  The district court's conclusion that Cooper had feigned memory loss, dizziness, and fatigue because he simply did not want to testify at trial is amply supported by the record. Cooper stated early on in his testimony (on multiple occasions) that he did not intend to cooperate with authorities, as required by his plea agreement.  Cooper was in custody when he testified at Tolson's trial, but he could not name what drugs he was on and say if the jail provided them.  Cooper went on to say that he was tired, could not function, and that he did not want to answer questions.  Even if the district court erred by admitting Cooper's testimony, any error was harmless:

2

Cooper did not implicate Tolson in the robberies. Cooper expressly stated that Tolson was not involved in the robberies and that he did not even know Tolson.

Tolson next argues that the district court abused its discretion by permitting the government to question Cooper at trial about two pretrial statements because they constituted inadmissible hearsay and affected the outcome of the trial. The first statement was allegedly made by Cooper while in a jail holding cell, in which he told a prosecutor that he planned on not testifying because he feared not being able to see his children again. In addition, Tolson asserts that the second statement -- about whether Cooper and Tolson told one another that they loved each other in the jail holding cell -- was inadmissible hearsay because it suggested to the jury that Tolson knew Cooper, even though such an inference had never been established by the government.

Hearsay (which generally is not admissible at trial) is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801(c), 802. A statement might be admissible as nonhearsay if it is probative of an issue at trial apart from the truth or falsity of its contents. United States v. Postal, 589 F.2d 862, 888 (5th Cir. 1979).

3

In the first instance Cooper, while testifying at trial, denied making either pretrial statement. Nevertheless, assuming that Cooper had uttered the out-of-court statements -- that he would not testify because he feared not being able to see his kids and that he told Tolson that he loved him, they do not constitute hearsay because he was both the declarant and the testifying witness. See City of Tuscaloosa, et al. v. Harcos Chemicals, Inc., 158 F.3d 548, 560-61 (11th Cir. 1998) (concluding that statements were not hearsay if the declarant personally participated in or observed the subject of the testimony). Even if these questions presented hearsay, they do not warrant reversal given the other evidence presented at trial, including the positive identification of Tolson at each of the robberies and the surveillance videos depicting the robberies and Tolson's use of the firearm. See United States v. Arbolaez, 450 F.3d 1283, 1290 (11th Cir. 2006) (holding that to warrant a new trial, a significant possibility must exist that, considering the other evidence presented at trial, the statement had a substantial impact on the jury's verdict).

Tolson further argues that insufficient evidence supports his convictions. He maintains that the government failed to prove that he committed the charged crimes because (1) none of the victims identified him as the perpetrator; (2) no witnesses testified that he committed the robberies or carried the firearm; (3) no

4

physical evidence linked him to the crime; and (4) no evidence showed that Cooper knew Tolson.

We review the sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Jones, 601 F.3d 1247, 1267 (11th Cir. 2010).

"The Hobbs Act prohibits robbery or extortion, and attempts or conspiracies to commit robbery or extortion, that in any way or degree obstruct, delay, or affect commerce or the movement of any article or commodity in commerce." United States v. Diaz, 248 F.3d 1065, 1084 (11th Cir. 2001) (quotation and alterations omitted). "The government needs only to establish a minimal effect on interstate commerce to support a violation of the Hobbs Act." United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000). Section 924(c)(1)(A) of Title 18 of the U.S. Code prescribes enhanced penalties for "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A).

At Tolson's trial, a representative or owner of each convenience store that had been robbed testified that they sold goods and products that traveled into

Florida from different parts of the country. Three of the store employees testified that two men, one short and one tall, came into their respective stores, and that the shorter male brandished a firearm and instructed the clerks to open the cash registers. The employees described that the two men then stole cash, as well as several cartons of cigarettes. Each of the responding officers testified that once they arrived, the convenience stores were effectively shut down and that no further business was conducted until after the police investigated.

Paul Harris, a deputy sheriff with Manatee County Sheriff's Office, testified that he knew Tolson and Cooper through his work as a school resource officer. Harris identified Tolson as the shorter male with the firearm and Cooper as the taller male in each of the surveillance videos from the crime scenes. Although Cooper denied knowing the shorter male in the surveillance videos and photographs, he identified himself as the taller male. Viewing this testimony and evidence in the light most favorable to the government, we conclude that sufficient evidence supported Tolson's Hobbs Act convictions, as well as his convictions for brandishing a firearm during a crime of violence.

AFFIRMED.

6