[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10299
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60199-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIVINGSTON SAMUELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 9, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Livingston Samuels appeals his convictions on one count of importation of

cocaine, in violation of 21 U.S.C. § 952(a), and one count of possession with intent

to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Samuels

argues that the District Court erred by denying his motion for a judgment of

acquittal because there was no evidence that he had knowledge of the five

kilograms of cocaine in his suitcase,[1] which were found hidden inside souvenirs he

brought back from Jamaica.

We review *de novo* the denial of a defendant's motion for a judgment of

acquittal on sufficiency-of-evidence grounds.  *United States v. Friske*, 640 F.3d

1288, 1290 (11th Cir. 2011).  We must view the facts and draw all reasonable

inferences therefrom in the light most favorable to the government.  *United States*

*v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001) (per curiam).  A district court's

denial of a motion for a judgment of acquittal will be upheld if a reasonable trier of

fact could conclude that the evidence establishes the defendant's guilt beyond a

reasonable doubt.  *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir.

2000) (per curiam).  Accordingly, a defendant's conviction will be sustained as

long as there is a reasonable basis for it in the record.  *United States v. Farley*, 607

F.3d 1294, 1333 (11th Cir. 2010).

To sustain a conviction for possession with intent to distribute under 21

U.S.C. § 841(a)(1), the government must prove that the defendant (1) knowingly

---

[1] The DEA concluded that Samuels possessed 5.083 kilograms of cocaine hydrochloride, a Schedule II controlled substance.  According to the special agent assigned to investigate Samuels' case, the value of five kilograms of cocaine was between $150,000 and $160,000 in the county where the cocaine was intercepted.

(2) possessed a controlled substance (3) with intent to distribute it. *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989) (per curiam). To convict a defendant under 21 U.S.C. § 952(a), the government must prove that the defendant knowingly imported a controlled substance. *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983). Both violations can be proven by direct or circumstantial evidence. *Id.* at 1357–58; *United States v. Quilca-Carpio*, 118 F.3d 719, 721–22 (11th Cir. 1997) (per curiam).

Samuels disputes the jury's finding that he knew of the cocaine hidden in the souvenirs. Drawing primarily on the First Circuit case *United States v. Ayala-Tapia*, 520 F.3d 66 (1st Cir. 2008), he contends that although a substantial quantity of drugs is typically sufficient to support an inference of knowing possession, additional evidence must be produced in cases where drugs are found in a hidden compartment—here, within the souvenirs. Samuels claims that because he "had given a plausible account of what happened and there were no inconsistencies in his story," and because "[t]he prosecutor's cross-examination of [him] had not given the jury a reason to believe he was lying," such "additional evidence" was not produced.[2]

---

[2] The prosecution, on the other hand, argues that Samuels' account is not as trustworthy as he believes. It raised the following issues, among others, at trial. Samuels told an investigating agent that he was in Jamaica to attend the funeral of his "aunt," whom he identified as his father's sister. However, he was unable to correctly spell her name, and it was later revealed that the decedent was not related to Samuels. Samuels also claimed that at least one of

3

But Samuels mischaracterizes *Ayala-Tapia*. There, the court expressly noted that the case did not involve a hidden compartment. *Id.* at 68–69. It instead involved four heavily wrapped, heroine-filled packages which the defendant claimed to believe were filled with coffee and flour. *Id.* at 67. And further, the *Ayala-Tapia* court never stated that additional evidence of knowledge would be required in hidden-compartment cases. It simply noted, "As is common in drug courier prosecutions, there was no direct evidence of what Ayala knew; whether the jury could reasonably infer knowledge depends, as common sense would suggest, on the surrounding facts and circumstances."[3] *Id.* at 68.

Regardless, this Court has held that direct evidence of a defendant's knowledge of possession is not necessary to support a conviction—including in hidden-compartment cases. *See Quilca-Carpio*, 118 F.3d at 721–22 (involving drugs stored in a hidden compartment in the defendant's luggage). The jury here could thus reasonably infer from the quantity of drugs seized—$150,000 to

---

the souvenirs was for his supervisor at Sky Chef, his place of employment, but he could not recall his supervisor's name. Further, Samuels spent $70 on the souvenirs and identified the souvenir vendor as an individual named "Ross," but claimed that he did not know the individual's last name and that he and the individual had no means of contacting each other. Thus, by Samuels' account, a street vendor whom he did not know provided him with five kilograms of cocaine for $70 and the two had no ability to reconnect with one another.

[3] The *Ayala-Tapia* court followed this statement with a citation comparing a Ninth Circuit case stating that mere possession of a substantial quantity of drugs may be sufficient to infer knowledge with a Sixth Circuit case stating that additional evidence must be presented if the drugs were found in a hidden compartment. *See* 520 F.3d at 68. Perhaps this was the source of Samuels' mischaracterization of *Ayala-Tapia*.

$160,000 worth of cocaine—that the provider was not likely to entrust such valuable cargo to Samuels without Samuels' knowledge.  In addition to the quantity of drugs supporting an inference of knowledge, Samuels testified at trial.  The jury was free to derive conclusions based on their perception of his credibility.  Indeed, "a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt."  *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).  The prosecution, moreover, raised a number of issues at trial that a reasonable jury could have interpreted to vitiate Samuels' credibility or provide circumstantial evidence of knowing possession.[4]

In sum, the jury had enough evidence to reasonably conclude that Samuels knowingly imported and possessed cocaine with intent to distribute.  The District Court properly denied Samuels' motion for a judgment of acquittal.

**AFFIRMED.**

---

[4] *See supra* note 2.