[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13302
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00010-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUSTIN UNSETH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 21, 2019)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Dustin Unseth was convicted of conspiring to possess with intent to distribute 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846, and of possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D).  Unseth moved for a judgment of acquittal based on insufficiency of the evidence, and the District Court denied it.  Unseth appeals the denial of his motion.  We affirm the District Court's decision.

I.

Here is a summary of the evidence presented against Unseth.  As part of a conspiracy, Unseth distributed marijuana.  Most of the testimony against Unseth came from a Drug Enforcement Agency ("DEA") agent and a co-conspirator, whose role was to take marijuana from California and to deliver it to Unseth in Florida.  The co-conspirator testified that he made three or four trips to Florida to deliver marijuana to Unseth.

On the final trip, the co-conspirator was on his way to deliver marijuana in Pennsylvania and Florida when he was stopped by Texas law enforcement.  The Texas law enforcement officers discovered the marijuana, and the DEA then took over the investigation.  The DEA directed the co-conspirator to continue delivering the marijuana.  When the delivery to Pennsylvania was called off, the DEA agents told the co-conspirator to call his California source.  The source then told the co-

conspirator to take the entire shipment to Unseth in Florida. This delivery was larger than what the co-conspirator and Unseth initially agreed upon. According to the co-conspirator's testimony, he and Unseth initially agreed on three duffle bags (roughly 48.5 kilograms). But because the co-conspirator didn't make his delivery in Pennsylvania, he had six full duffle bags, or roughly 97 kilograms of marijuana. The co-conspirator delivered the six duffle bags of marijuana to Unseth, and Unseth accepted all of them. In fact, he personally carried five of the bags. A DEA agent testified at trial that Unseth neither refused to accept the entire amount nor asked why there was more marijuana than originally expected.

On appeal, Unseth argues that the District Court erred in denying his motion for a judgment of acquittal. Specifically, he says the Government did not prove that he agreed to possess with intent to distribute more than 100 kilograms of marijuana. He concedes that earlier marijuana deliveries, totaling at least 29 kilograms, were part of the conspiracy. And he concedes that he agreed to accept 45 kilograms of the last delivery. But, Unseth argues, he never agreed to accept all 97 kilograms of the last delivery.

The Government argues that a reasonable jury could have found that Unseth conspired to possess with intent to distribute all 97 kilograms of the last delivery. In light of the previous deliveries totaling at least 29 kilograms, the Government

argues that a reasonable jury could find that Unseth conspired to possess with intent to distribute 100 kilograms of marijuana.  We agree.

## II.

"The District Court's denial of a motion for judgment of acquittal will be upheld 'if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt.'"  *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016) (quoting *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000)).  This Court reviews a denial of a motion for judgment of acquittal *de novo*, viewing all facts and inferences in the light most favorable to the Government.  *Id.*

"To sustain a conviction under 21 U.S.C. § 846, the government must prove (1) that an illegal agreement existed to possess with intent to distribute a controlled substance; (2) that the defendant knew of the agreement; and (3) that the defendant knowingly and voluntarily joined the agreement."  *United States v. Barron-Soto*, 820 F.3d 409, 418 (11th Cir. 2016).

Here, there is no direct evidence that Unseth knew that the co-conspirator would bring double the agreed-on weight of marijuana during the last delivery. That said, drawing all inferences in favor of the Government, there's still plenty of circumstantial evidence that suggests Unseth agreed to possess all 97 kilograms of the final delivery, even if he didn't know such a large delivery was on its way.  As

4

the co-conspirator testified, neither Unseth nor his co-conspirators protested the amount of marijuana being transferred during the last delivery.  A reasonable jury could find that Unseth must have known the final delivery was almost twice the weight he expected.  After all, he moved five of the six bags, knowing full well that he agreed on just three bags.  And because Unseth accepted the final delivery—in its entirety—a reasonable jury could find that Unseth knew that the object of the conspiracy involved 100 kilograms of marijuana and that Unseth agreed to participate.  *See United States v. Curbelo*, 726 F.3d 1260, 1269 (11th Cir. 2013) (noting that "the Government only needed to prove Defendant joined a conspiracy that had the 'object' of manufacturing or possessing with intent to distribute more than 1,000 marijuana plants," which triggered a longer sentence).

We hold that a reasonable jury could conclude that the evidence established Unseth's guilt beyond a reasonable doubt.  Therefore, we affirm the District Court.[1]

---

[1] Despite our language in *Curbelo*, there's good reason to think that the Government need not prove the conspiracy had the object of possessing with intent to distribute 100 kilograms of marijuana.  Section 846 outlaws conspiring "to commit any offense defined in this subchapter." Here, that subchapter is § 841(a).  To show that a defendant violated § 841(a), the Government must prove that the defendant "knowingly possess[ed] with intent to distribute a controlled substance." *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012) (per curiam) (interpreting § 841(a)).  Section 841(b) sets out enhanced maximum sentences and mandatory minimum sentences for persons convicted of violating §§ 841(a) or 846, depending on the quantity and type of drug involved.  Thus, an enhanced maximum sentence or a mandatory minimum sentence applies only if a "jury determines the drug type and quantity involved in the overall drug conspiracy offense." *See Sanders*, 668 F.3d at 1309.  But the jury does not have to find "that the defendant had *knowledge* of the particular drug type or quantity for which a

## III.

The judgment of the District Court is

**AFFIRMED**.

---

sentence is enhanced under § 841(b)." *See id.* (emphases added). Instead, the jury must find that the offense "involv[ed]" a particular drug type and quantity before a defendant may receive an enhanced maximum sentence or a mandatory minimum sentence under § 841(b). *See id.*

Based on our decision in *Sanders*, to convict Unseth for violating § 846, it seems that the Government needed to prove only that Unseth conspired to knowingly possess with intent to distribute a controlled substance. Then, to sentence Unseth to the mandatory minimum under § 841(b)(1)(B)(vii), the Government had to prove that the offense involved "100 kilograms or more of a mixture or substance containing a detectable amount of marihuana." But because knowledge of the quantity of the controlled substance isn't an element of the substantive offense, it follows that the Government shouldn't have to prove that Unseth agreed to possess a certain quantity of drugs or that the object of the conspiracy was to possess a certain quantity of drugs. The Government simply had to prove that the offense did in fact involve 100 kilograms of marijuana.

In any event, Unseth didn't raise this argument in its briefing, so we don't reach it here.