[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13440
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20368-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 31, 2019)

Before WILLIAM PRYOR, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Humberto Herrera appeals his convictions for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).[1]  No reversible error has been shown; we affirm.

A federal grand jury returned an eight-count superseding indictment charging Herrera with four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1, 3, 5, and 7), and with four counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2, 4, 6, and 8).  Herrera pleaded guilty -- pursuant to a written plea agreement -- to Counts 1, 2, 3, 5, and 7 of the superseding indictment in exchange for the dismissal of Counts 4, 6, and 8.

In conjunction with his guilty plea, Herrera executed a factual proffer. Briefly stated, Herrera stipulated to these facts.  On three separate occasions, Herrera entered a business (a restaurant, an auto parts store, and a gas station), approached the cash register and -- while brandishing a gun -- demanded money from the store employee.  In each case, the store employee complied with Herrera's demand; Herrera then fled the store with money from the cash register.

---

[1] On appeal, Herrera raises no challenge to his conviction for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), or to his sentence.

2

On another occasion, Herrera entered a department store where he brandished a gun and demanded that a store employee put jewelry (approximately worth $33,000) from the store's jewelry counter into a bag which Herrera then took from the store.  Herrera stipulated and agreed that the government could prove beyond a reasonable doubt that each of the four businesses "purchase and sell products that travel in interstate and/or foreign commerce and that Defendant's actions during each of the robberies obstructed, delayed, and affected interstate commerce."

On appeal, Herrera contends that the district court lacked subject matter jurisdiction over his criminal case.  Herrera contends that the stipulated factual proffer was insufficient to establish that the charged robberies obstructed, delayed, or affected interstate commerce.

As an initial matter, we stress that whether the district court had subject matter jurisdiction over Herrera's criminal case is a separate and distinct inquiry from whether the government proved sufficiently the jurisdictional element of the charged Hobbs Act robberies.  "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction." United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014).

3

Separate from general subject matter jurisdiction, some federal statutes -- like in this case the Hobbs Act -- also contain a "jurisdictional element," meaning "an element of the offense requiring the government to prove that the defendant's offense had some nexus with interstate or foreign commerce." See United States v. Grimon, 923 F.3d 1302, 1305 (11th Cir. 2019). This interstate jurisdictional element is "'jurisdictional' only in the sense that it relates to the power of Congress to regulate the forbidden conduct" and has no bearing on the district court's subject matter jurisdiction over the case. Id. at 1306 (emphasis in original). Thus, "even if an indictment fails to allege sufficient facts to support, or the government does not present sufficient evidence to prove, an interstate commerce nexus, the district court still has subject matter jurisdiction to adjudicate the case under [18 U.S.C.] § 3231 . . .." Id.

Here, the superseding indictment charged Herrera with four counts of violating 18 U.S.C. § 1951(a): a valid federal statute. In addition to citing section 1951(a), the superseding indictment also tracked the pertinent statutory language. Because the superseding indictment thus charged Herrera with committing "an offense against the laws of the United States," the district court, in the usual sense,

4

had subject matter jurisdiction over Herrera's criminal case.  See id.; Brown, 752 F.3d at 1354.[2]

We next address Herrera's contention that the record contains insufficient facts to establish that the charged robberies obstructed, delayed, or affected interstate commerce.  Because Herrera raises this argument for the first time on appeal, we review only for plain error.  See United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007).

A defendant is guilty of Hobbs Act robbery when he "in any way or degree obstructs, delays, or affects commerce of the movement of any article or commodity in commerce, by robbery. . . or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section."  18 U.S.C. § 1951(a).  Contrary to Herrera's assertions on appeal, our binding precedent makes clear that, to sustain a conviction for Hobbs Act robbery, the government need only show that the offense had at least "a minimal effect on interstate commerce."  United States v. Gray, 260 F.3d 1267,

---

[2] On appeal, Herrera argues -- relying on our decision in United States v. Iguaran, 81 F.3d 1335 (11th Cir. 2016) -- that the parties' stipulation that Herrera's robberies affected interstate commerce is insufficient to invoke federal subject matter jurisdiction.  We reject this argument for the reasons discussed in Grimon: the statute at issue in Iguaran (which required expressly that the district court make a preliminary determination about subject matter jurisdiction) is distinguishable from the statute involved here, which contains only an interstate commerce jurisdictional element.  See Grimon, 923 F.3d at 1307-08.

5

1272 (11th Cir. 2001).  Examples of a "minimal effect" sufficient to meet the jurisdictional requirement include that a robbery deprived a business of cash or resulted in a "mere depletion of assets."  See, e.g., United States v. Woodruff, 296 F.3d 1041, 1049 (2002); Gray, 260 F.3d at 1276; United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000).

The stipulated facts in the factual proffer were sufficient to show that Herrera's robberies had at least a minimal effect on interstate commerce.  The factual proffer established that each of the four businesses targeted by Herrera was engaged in the purchase and sale of products in interstate or foreign commerce. During each robbery, Herrera -- using a firearm -- took either cash out of the business's cash register or $33,000 worth of jewelry.  Herrera thus deprived the businesses of income and inventory: a depletion of assets.  This evidence is enough to demonstrate an effect on interstate commerce under the Hobbs Act.

AFFIRMED.

6