[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10695

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEGESTIN RICHARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cr-00353-RAH-JTA-1

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Police executed a search warrant at the residence where Legestin Richards lived with his aunt.  During the search, police officers found multiple firearms throughout the home.  Consequently, Richards was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  After trial, a jury convicted Richards of those counts.

Now, Richards appeals his convictions, as well as his 136-month total sentence imposed.  First, Richards argues that he had no control over the firearms in the residence where he was located at the time of his arrest and that no witnesses could place him in actual possession of the firearms.  He asserts that no evidence was presented at trial to indicate that he was aware of the presence of the firearms at the time of the search, or that he had a firearm on his person or attempted to arm himself when he was discovered by law enforcement.  Second, Richards asserts that his 136-month total sentence is substantively unreasonable.  He argues that the district court failed to adequately consider that he was under an ongoing threat at the residence and that the government presented insufficient evidence for his convictions.  He also contends that the district court failed to consider the "simultaneous nature" of the criminal counts in its decision to impose his sentences consecutively.  Furthermore, he asserts that the district court gave undue

weight to the Sentencing Guidelines and to the allegation that he was a member of the alleged gang, the Black Disciples.

## I.

We start by reviewing the sufficiency of the evidence as to the 922(g) count.[1]  To sustain a conviction under § 922(g)(1), the government must prove that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm affected or was in interstate commerce.  *United States v. Funches*, 135 F.3d 1405, 1406–07 (11th Cir. 1998).  The defendant also must know that he is a prohibited person—here, a felon.  *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019); *United States v. Coats*, 8 F.4th 1228, 1234–35 (11th Cir. 2021).

Possession may be either actual or constructive.  *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011).  Constructive possession exists when the government "proves, through either direct or circumstantial evidence that the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm."  *Id.*  "A defendant's presence in the vicinity of a firearm or mere association

---

[1] We review the sufficiency of the evidence in support of a conviction de novo, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict."  *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000) (per curiam).

with another who possesses [it] is insufficient" to show possession. *Id.*

In *Ochoa*, we held that the government presented the jury with sufficient circumstantial evidence from which it reasonably could have concluded that the defendant had constructive possession of ammunition because he exercised dominion and control over the bedroom in which it was located. *United States v. Ochoa*, 941 F.3d 1074, 1105 (11th Cir. 2019) *cert. denied*, 140 S. Ct. 2553 (2020). Specifically, the government connected the defendant to the bedroom through "his phones (one of which had on it a photo of Ochoa laying on the bed in the bedroom), personal identification cards, and travel papers bearing his name—all of which were found in the same bedroom as the ammunition." *Id.* "The fact that other people had access to or may have also occupied the residence [did] not make [this] evidence insufficient." *Id.*; *see also United States v. Molina*, 443 F.3d 824, 830 (11th Cir. 2006) (concluding sufficient evidence supported a defendant's conviction for possession of a firearm in furtherance of a drug trafficking crime because the firearm was found in the defendant's bedroom and the dresser drawer contained her passport).

Here, the government presented sufficient evidence at trial that Richards was in constructive possession of the firearms. Richards's statements to law enforcement indicated that he had knowledge of the firearms in the residence and intended to use them when needed, firearms were discovered in almost every room of the house, and Richards was discovered within reaching

21-10695                Opinion of the Court                    5

distance of an unregistered firearm.  Further, a reasonable jury could conclude that Richards exercised dominion and control over the entire residence and particularly the master bedroom where a handgun was found.  The government presented evidence that Richards's vehicle was observed at the residence on a daily basis, Richards stated to law enforcement that he lived there with his aunt, and his ID, work badge, prescription pills, and homework were located in the master bedroom.  Accordingly, because there was ample evidence to support the jury's verdict, we affirm Richards's conviction on the 922(g) count.

As to his conviction for possession of an unregistered firearm, Richards only fleetingly challenged the denial of his motion for a judgment of acquittal.  Because he only raised that issue in passing, with no supporting law or argument, he has abandoned it. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue . . . must plainly and prominently so indicate . . . At the very least, he must devote a discrete, substantial portion of his argumentation to that issue. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned.").

But, even if we were to review the district court's § 5861(d) decision, it would only be for plain error, *see United States v. Baston*, 818 F.3d 651, 664 (11th Cir. 2016) (holding that when the defendant raises a claim challenging the sufficiency of the evidence on a ground not argued below, the new ground will be reviewed for plain error only), and the district court's denial of a motion for

judgment of acquittal "will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *Rodriguez*, 218 F.3d at 1244. Under 26 U.S.C. § 5861(d), it is "unlawful for any person . . . to . . . possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d); *see also id.* §§ 5871 (providing the penalties for this federal offense), and 5841(e) (requiring a person possessing a firearm to retain proof of registration). For the reasons explained above, a reasonable trier of fact could conclude that Richards is guilty beyond a reasonable doubt with respect to his possession of an unregistered firearm.

## II.

We also find that the district court's sentence was substantively reasonable.[2]

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include reflecting the seriousness

---

[2] We review a sentence's reasonableness for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from a defendant's further crimes, and providing the defendant with appropriate correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also take into consideration the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). In addition, the statute directs the district court to consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(3)–(7).

Here, Richards failed to show that the district court imposed a substantively unreasonable sentence. The district court considered the nature and circumstances of the offense, including Richards's need to protect himself and others against threats, that Richards was selling firearms, and that Richards resided in a house "full of guns." To the extent that Richards challenges the district court's reliance on his alleged affiliation with the Black Disciples, the district court did not discuss the Black Disciples in explaining its reasoning for the sentence, and in any event, the court was presented with non-speculative evidence that Richards sold firearms for the Black Disciples. Accordingly, the district court properly weighed the § 3553(a) factors and imposed a sentence within the Guidelines range and below the statutory maximum. *See United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010) (holding that

sentences within the guidelines range are generally reasonable); *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014) (holding that whether a sentence is one that is well below the statutory maximum for the crime is an indicator of reasonableness).

Further, the district court did not err by imposing Richards's sentences consecutively in part. The Guidelines instruct that, if the sentence imposed on the count with the highest statutory maximum is less than the "total punishment," then the sentence imposed on that count and one or more other counts "shall run consecutively." U.S.S.G. § 5G1.2(d). The counts must be imposed consecutively "only to the extent necessary to produce a combined sentence equal to the total punishment." *Id.* In the commentary to § 5G1.2(d), the Guidelines explain that the "total punishment" is the combined length of sentences determined when the court calculates a defendant's guideline range. *Id.* cmt. n.1.

Here, the district court imposed the sentences consecutively but only to the extent necessary to reach a 136-month sentence, which is within the "total punishment" range.

AFFIRMED.